## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                                    BKY 22-50038
                                                                          Chapter 13
Wyatt W. Knight,

          Debtor.

### OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

Kyle L. Carlson, Chapter 13 Trustee, objects to confirmation of the Chapter 13 plan filed by the debtor and requests that the plan be denied.

1.     This case was filed on January 24, 2022 and is pending before this Court. The meeting of creditors has been held and is closed. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This objection is brought pursuant to 11 U.S.C. §§ 1322 and 1325.

2.     The Trustee has requested additional information that supports the debtor's valuation of his 2016 GMC Sierra pickup, 2013 Harley Davidson motorcycle, 2001 Supra boat, and firearm. To date, that information has not been received. Without such information, the Trustee contends that the debtor has failed to satisfy his burden of demonstrating compliance with the best interest of creditors test. *See* 11 U.S.C. § 1325(a)(4) (the value, as of the effective date of the plan, of property to be distributed under a Chapter 13 plan on account of each allowed unsecured claim must not be less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7.).

3.     According to the debtor's testimony at the 11 U.S.C. § 341 meeting of creditors, the debtor had not yet filed his 2016 through 2021 tax returns. The Bankruptcy Code requires that Chapter 13 debtors file all state and federal tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the bankruptcy petition. *See* 11 U.S.C. § 1308(a). The debtor's filing of his 2018 through 2021 tax returns is a requirement for confirmation of the debtor's plan, *see* 11 U.S.C. § 1325(a)(9), and failing to do so is grounds for dismissal of the debtor's case, *see* 11 U.S.C. § 1307(c)(e). To date, the Trustee has not received verification that those returns have been filed. Accordingly, the Trustee contends that the debtor has not met his burden of demonstrating that he has satisfied the tax return filing requirements of 11 U.S.C. § 1325(a)(9).

WHEREFORE, the Trustee requests that the plan be denied.

Dated:    4-13-22                                    /e/ Kyle L. Carlson
                                                     Kyle L. Carlson
                                                     Chapter 12 & 13 Trustee
                                                     PO Box 519
                                                     Barnesville, MN  56514
                                                     218-354-7356

1

## VERIFICATION

I, Kyle L. Carlson, Chapter 13 Trustee, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: 4-13-22

/e/ Kyle L. Carlson
Kyle L. Carlson, Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:                                                                 BKY 22-50038
                                                                       Chapter 13
Wyatt W. Knight,

             Debtor.

**MEMORANDUM OF LAW**

### I.    Facts

The facts supporting the objection are set forth in the attached verified objection. In addition, the Trustee also relies on the representations made by the debtor at the 341 meeting of creditors and in the debtor's filed schedules.

### II.    Burden

A debtor bears the burden to establish that the Chapter 13 plan presented for confirmation meets the confirmation standards of Section 1325.  *In re McGillis,* 370 B.R. 720, 753 (Bankr. W.D. Mich. 2007); *see also Barnes v. Barnes (In re Barnes)*, 32 F.3d 405, 407 (9th Cir. 1994) (citing *Chinichian v. Campolongo*, 784 F.2d 1440, 1442 (9th Cir. 1986).

### III.    Best Interest of Creditors Test

Section 1325(a)(4) of the Bankruptcy Code, also known as the best interest of creditors test, requires that the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7.

The Trustee has requested additional information that supports the debtor's valuation of his 2016 GMC Sierra pickup, 2013 Harley Davidson motorcycle, 2001 Supra boat, and firearm. To date, that information has not been received.  Without such information, the Trustee contends that the debtor has failed to satisfy his burden of demonstrating compliance with the best interest of creditors test.  *See* 11 U.S.C. § 1325(a)(4) (the value, as of the effective date of the plan, of property to be distributed under a Chapter 13 plan on account of each allowed unsecured claim must not be less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7.).

### IV.    Tax Return Filing Requirement

Section 1308(a) of the Bankruptcy Code provides that:

Not later than the day before the date on which the meeting of the creditors is first scheduled to be held under section 341(a), if the debtor was required to file a tax return under applicable nonbankruptcy law, the debtor shall file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition.

Section 1325(a)(9) of the Code provides that "…the Court shall confirm a plan if…the debtor has

3

filed all applicable Federal, State, and local tax returns as required by section 1308.  Section 1307(e) further provides that:

> Upon the failure of the debtor to file a tax return under section 1308, on request of a party in interest or the United States Trustee and after notice and a hearing, the Court shall dismiss a case or convert a case under this Chapter to a case under Chapter 7 of this title, whichever is in the best interest of the creditors and the estate.

Here, the debtor has not filed 2018 through 2021 tax returns.  Pursuant to Sections 1308(a) and 1307(e), the plan cannot be confirmed until those tax returns are filed.  If the debtors fail to file said tax returns, grounds would exist for dismissal of the case, pursuant to Section 1307(e).

**V.    Conclusion**

Based on the foregoing, the Trustee requests that the plan be denied.

<strong>VERIFICATION</strong>

I, Kyle L. Carlson, Chapter 13 Trustee, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:    4-13-22                                        /e/ Kyle L. Carlson
                                                         Kyle L. Carlson, Trustee

4

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MINNESOTA

In re:                                                BKY 22-50038
                                                      Chapter 13
Wyatt W. Knight,

        Debtor.

### UNSWORN DECLARATION FOR PROOF OF SERVICE

The undersigned, being an employee of the standing Chapter 13 Trustee, declares that on the date indicated below, I served the attached Trustee's Objection to Confirmation of Chapter 13 Plan upon all entities named below by first class mail postage prepaid and to any entities who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

        Wyatt W. Knight
        600 W Redwing Street
        Duluth, MN 55803

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: 4-13-22

                                    /e/ Patricia Halverson
                                    Patricia Halverson
                                    Chapter 13 Office

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:                                                                          BKY 22-50038
                                                                                Chapter 13
Wyatt W. Knight,

        Debtor.

**PROPOSED ORDER**

This case is before the Court for confirmation hearing on the Chapter 13 plan of Wyatt W. Knight.

      IT IS ORDERED:

      Confirmation of the debtor's Chapter 13 plan is DENIED.


Dated:

_____
William J. Fisher
United States Bankruptcy Judge