Local Form 3015-1 (1/22)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

**Wyatt W. Knight**

Case No. **22-50038**
CHAPTER 13 PLAN ☑ Modified
Dated: **February  13, 2024**

Debtor.
In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:**

| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 16 | ☐ Included | ☑ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a security interest or lien, set out in Part 16 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 16 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1   As of the date of this plan, the debtor has paid the trustee $ **25,900.00** .

2.2   After the date of this plan, the debtor will pay the trustee:

| Plan payment | Start MM/YYYY | End MM/YYYY | Total |
|---|---|---|---|
| $1,000.00 | 03/2024 | 01/2027 | $34,000.00 |
| | | TOTAL: | $34,00.00 |

2.3   The minimum plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.

2.4   The debtor will also pay the trustee **$7,000 on or before January 2027.**

2.5   The debtor will pay the trustee a total of $ **66,900.00**  [lines 2.1 + 2.2 + 2.4]

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available  funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 8 and 9 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only to creditors for which proofs of claim have been filed.  The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $ **6,690.00**  [line 2.5 x .10]

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 7.

| Creditor | Description of Property |
|---|---|
| **-NONE-** | |

**Part 5. CLAIMS NOT IN DEFAULT** — Payments on the following claims are current. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| Creditor | Description of Property |
|---|---|
| **-NONE-** | |

**Part 6. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e))** — The trustee will pay the amount of default listed in the proof of claim on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.**

| Creditor | Amount of default | Monthly payment | Beginning in #mo./yr. | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |
| | | | | | | TOTAL | $0.00 |

**Part 7. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e)):** The trustee will pay the amount of default listed in the proof of claim in the amount allowed on the following claims. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

| Creditor | Amount of default | Interest rate (if any) | Beginning in mo.yr | Monthly Payments | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | | |
| | | | | | | | TOTAL | $0.00 |

**Part 8. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5))** The trustee will pay,the amount set forth in the "Total Payments" column belowon the followingsecured claims if a proof of claim is filed andallowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14.

| Creditor | Est. Claim amount | Secured claim amount | Int. Rate | Adq. Pro. (Check) | Begin-ning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | ☐ | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | TOTAL | $0.00 |

**Part 9. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14. All following entries are estimates, except for interest rate. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. §1325(a)(5)(B)(i).

| | Creditor | Est. Secured Claim amount | Int. rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 9.1 | MCCU | $17,707.47 | 5.50 | ☑ | 4/2024 | $900.00 | 7 | $6083.18 | $11,624.29 | $18,792.42 |
| | | | | | | | | | TOTAL | $18,792.42 |

**Part 10.  PRIORITY CLAIMS (not including claims under Part 11):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| | Creditor | Claim Amount | Beginning in mo.yr. | Monthly payment | # of payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | =Total payments |
|---|---|---|---|---|---|---|---|---|
| 10.1 | Attorney Fees | $4,265.00 | | | | $0.00 | $4,265.00 | $4,265.00 |
| 10.2 | Irs | $7,395.54 | | prorate | | $2,882.81 | $4,512.73 | $7,395.54 |
| 10.3 | Attorney Fees | $750.00 | 03/ 2024 | $750.00 | 1 | $750.00 | $0 | $750.00 |
| | | | | | | | TOTAL | $12,410.54 |

**Part 11. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| | Creditor | Claim amount | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | =Total payments |
|---|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | | | |
| | | | | | | | TOTAL | $0.00 |

**Part 12.  SEPARATE CLASSES OF UNSECURED CLAIMS —** In addition to the class of unsecured claims specified in Part 13, there shall be separate classes of non-priority unsecured creditors including the following.  The trustee will pay the allowed portion of the nonpriority amount listed in the proof of claim. **All following entries are estimates.**

| | Creditor | Undersecured claim amount | Interest Rate (if any) | Beginning in mo./yr. | Monthly Payment | # of Payments | Remaing payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | | | | |
| | | | | | | | | TOTAL | $0.00 |

**Part 13.  TIMELY FILED UNSECURED CLAIMS —** The trustee will pay holders of allowed non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 6, 7, 8, 9, 10, 11, and 12 their pro rata share of approximately $ **29,007.04**  [line 2.5 minus totals in Parts 3, 6, 7, 8, 9, 10, 11, and 12.]

13.1    The debtor estimates that the total unsecured claims held by creditors listed in Part 8 and 9 are $ **43.00** .

13.2    The debtor estimates that the debtor's total unsecured claims (excluding those in Part 8 and 9) are $ **148,699.56** .

13.3    Total estimated unsecured claims are $ **148,742.56**  [lines 13.1 + 13.2].

**Part 14.  TARDILY-FILED UNSECURED CREDITORS —** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 6, 7, 8, 9, 10, 11, 12, and 13, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily filed claims remain subject to objection pursuant to 11 U.S.C. §502(b)(9).

**Part 15.  SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and §§ 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| Creditor | Description of Property (including complete legal description of real property) |
|---|---|
| -NONE- | |

**Part 16. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| 16.1 | The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. |
|---|---|

| | The debtor shall send the Trustee each year during the Chapter 13 Plan copies of his/her federal and state income tax returns at the time they are filed. The debtor shall also promptly report to the Trustee the receipt of any state and federal tax refunds for the duration of this Chapter 13 case and shall be entitled to retain the first $1,200 (single debtor) or $2,000 (joint debtor), plus any earned income credit (EIC) and any Minnesota Working Family Credit. Any remaining amounts shall be turned over to the Chapter 13 trustee as additional plan payments. <br><br> Pursuant to 11 U.S.C. Section 1305, Trustee to pay all claims for post-petition income taxes owing for year of filing. <br><br> Title in any secured property will vest in Debtor upon payment of the secured portion of the creditor's claim. <br><br> For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession or return of any collateral to any creditor listed in Parts 5, 6, 7, 8, 9, 10, 16 or non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim. |
|---|---|
| 16.2 | |

**SUMMARY OF PAYMENTS:**

| Class of Payment | | Amount to be paid |
|---|---|---|
| Payments by trustee [Part 3] | $ | **6,690.00** |
| Home mortgages in default [Part 6] | $ | **0.00** |
| Claims in Default [Part 7] | $ | **0.00** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 8] | $ | **0.00** |
| Secured claims excluded from § 506 [Part 9] | $ | **18,792.42** |
| Priority Claims [Part 10] | $ | **12,410.54** |
| Domestic support obligation claims [Part 11] | $ | **0.00** |
| Separate classes of unsecured claims [Part 12] | $ | **0.00** |
| Timely filed unsecured claims [Part 13] | $ | **29,007.04** |
| TOTAL (must equal line 2.5) | $ | **66,900.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 16.

Signed:      **/s/ John F. Hedtke**
      **John F. Hedtke 0167666**
      Attorney for debtor or debtor if pro se

Signed:   **/s/ Wyatt W. Knight**
      **Wyatt W. Knight**
      Debtor 1

Signed:   _____
      Debtor 2 (if joint case)

## United States Bankruptcy Court
### District of Minnesota

In re   **Wyatt W. Knight**                                      Case No.   **22-50038**

                                    Debtor(s)        Chapter   **13**

# PROOF OF SERVICE BY MAIL

On **February 13, 2024**, I served the Notice of Hearing and Motion to Confirm Modified Chapter 13 Plan, Memo of Law, proposed Order and Modified Plan on the parties listed below, by placing true and correct copies thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Duluth, MN addressed as follows:

**See attached**

US Trustee by ECF

Chapter 13 Trustee by ECF

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on **February 13, 2024**.

 **/s/ John F. Hedtke**
**Signature**

LVNV Funding, LLC
c/o Resurgent Capital Services
P.O. Box 10587
Greenville, SC 29603-0587

Absolute Resolutions Investmen
800 Norman Center
Ste 350
Minneapolis MN 55437

(p)ABSOLUTE RESOLUTIONS CORPORATION
8000 NORMAN CENTER DRIVE SUITE 350
BLOOMINGTON MN 55437-1118

(p)ARCON CREDIT SOLUTIONS
8425 SEASONS PARKWAY STE 106
WOODBURY MN 55125-3377

Bureaus Investment Group Portfolio
No 15 LLC
PO Box 788
Kirkland WA 98083-0788

Capital Management Services
698 1/2 S Ogden St
Buffalo NY 14206-2317

Capital One Bank (USA), N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC 28272-1083

Carol Case
16267 Windermere Circle
Southgate MI 48195-2141

Consulting Radiologist, LTD
PO Box 77057
Minneapolis MN 55480-7757

(p)DISCOVER FINANCIAL SERVICES LLC
PO BOX 3025
NEW ALBANY OH 43054-3025

Discover Bank
Discover Product Inc
PO BOX 3025
New Albany, OH 43054-3025

Genesis Bankcard
Po Box 4477
Beaverton, OR 97076-4401

Gurstel Law Firm
6681 Country Club Dr
Golden Valley MN 55427-4601

Helmuth & Johnson
8050 W 78th St
Minneapolis, MN 55439-2530

Irs
PO Box 7346
Philadelphia PA 19101-7346

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

Jonathan Haselman
5414 Onida Steet
Duluth MN 55804-1348

LVNV Funding LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

LVNV Funding, LLC
PO Box 10497
Greenville SC 29603-0497

MCCU
Bankruptcy
PO Box 161618
Duluth MN 55816-1618

MERRICK BANK
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

Members Cooperative Credit Union
P.O. BOX 161588
Duluth, MN 55816-1588

Merrick Bank
PO Box 9201
Old Bethpage NY 11804-9001

Messerli & Kramer
3033 Campus Dr Ste 250
Plymouth MN 55441-2662

Minnesota Dept of Revenue
Bankruptcy Stop 5700
PO Box 64447
Saint Paul MN 55164-0447

NCB Management Services, Inc.
One Allied Drive
Trevose, PA 19053-6945

Northland Consulting Engineers
102 S 21st Ave W
#1
Duluth, MN 55806-2056

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Quantum3 Group LLC as agent for
Credit Corp Solutions Inc
PO Box 788
Kirkland, WA  98083-0788

RMP, LLC
Po Box 519
Sauk Rapids MN 56379-0519

Radius Global Solutions
PO Box 390846
Minneapolis MN 55439-0846


(p)RAUSCH STURM LLP
250 N SUNNYSLOPE ROAD
BROOKFIELD WI 53005-4824

Rausch Sturm
7300 147th St W
Ste 307
Saint Paul MN 55124-7580

(p)RODENBURG LAW FIRM
PO BOX 2427
FARGO ND 58108-2427


Ronald B. Case, Jr
9834 S Dietz Road
Foxboro WI 54836-9517

Ronald and Carol Case
c/o Gondik Law, SC
1215 Belknap Street
Superior WI 54880-2820

Spring Oaks Capital SPV, LLC
P O Box 1216
Chesapeake, VA 23327-1216


St Lukes Hospital
Mail Processing Center
PO Box 739
Moline IL 61266-0739

US Credit
Po  Box 31195
Tampa FL 33631-3195

US Department of Education
PO Box 16448
St. Paul, MN 55116-0448


US Dept of Educ
ECMC/Att BKY
PO Box 16408
St. Paul, MN 55116-0408

US Trustee
1015 US Courthouse
300 S 4th St
Minneapolis, MN 55415-3070

Webbank
222 N LaSalle St
Ste 1700
Chicago,IL 60601-1101


Webbank c/o Avant
222 N. LaSalle St., Suite 1700
Chicago IL 60601-1101

John R. Hedtke
Hedtke Law Office
1217 E 1st  St
Duluth, MN 55805-2402

Kyle Carlson
Chapter 13 Trustee
PO Box 519
Barnesville, MN 56514-0519


Ronald and Carol Case
9834 Dietz Rd
Foxboro, WI 54836-9517

Wyatt W. Knight
600 W Redwing Street
Duluth, MN 55803-1751



The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Absolute Resolutions Investments, LLC
c/o Absolute Resolutions Corporation
8000 Norman Center Drive, Suite 350
Bloomington, MN 55437

Arcon Credit Solutions
8425 Seasons Parkway
Ste 106
Saint Paul MN 55125

Discover Bank
6500 New Albany Road
New Albany OH 43054


Jefferson Capital Systems
PO Box 953185
Saint Louis MO 63195-3185

(d)Jefferson Capital Systems LLC
Po Box 7999
Saint Cloud MN 56302-9617

Portfolio Recovery Associates, LLC
c/o Capital One Bank (usa), N.a.
POB 12914
Norfolk VA 23541

(d)Portfolio Recovery Associates, LLC
c/o Paypal
POB 12914
Norfolk VA 23541

Rausch Sturm
250 N Sunny Slope Rd Ste 300
Brookfield WI 53005-4824

Rodenburg Law Firm
PO Box 2427
Fargo ND 58108